UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                         )
**NANCY KOSKI,**                          )
             **Plaintiff,**             )      **CIVIL ACTION**
                                                         )      **NO.  4:18-40116-TSH**
     **v.**                                      )
                                                         )
**DOLLAR TREE STORES, INC.,**     )
             **Defendant.**             )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 28)**

**April 15, 2020**

**HILLMAN, D.J.**

Nancy Koski ("Plaintiff") brought this action against Dollar Tree Stores, Inc. ("Defendant"), alleging negligence. Defendant moves for summary judgment. For the reasons set forth below, the Court ***grants*** the motion. (Docket No. 28).

**Background[1]**

On October 1, 2017, Plaintiff entered Defendant's store in Leominster, Massachusetts (the "Store"). (Docket No. 7 at 1). She picked up a newspaper, placed it in an empty shopping cart, and started browsing. (Docket No. 30-1 at 3). As she walked through the Store, Plaintiff noticed that her cart "was kind of jittery or wobbly," and she felt a "thump" when she pushed it. (Docket No. 30-1 at 7). Plaintiff admits, however, that she did not switch carts or report the issue to Defendant. (Docket No. 30-1 at 7).

---

[1] The Court views "the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

After completing her shopping, Plaintiff proceeded to the check out counter.[2] (Docket No. 30-1 at 4). She positioned the cart between herself and the conveyor belt and began to unload her items. (Docket No. 30-1 at 6). As she placed the newspaper and bottles of soda on the conveyor belt, "the carriage seemed to have shifted, or the weight in the carriage seemed to have shifted, and the next thing [she] remember[ed] is being flat on the floor with a carriage on top of [her]." (Docket No. 30-1 at 5). Assistant manager Alexa Da Rosa ("Da Rosa") and associate Jessica Hosley ("Hosley") were operating the register when Plaintiff fell. Hosley righted the cart and, at Da Rosa's direction, returned it to the cart stall by the entrance of the Store. (Docket No. 30-3 at 5–6). Hosley did not report anything wrong with the cart,[3] and Da Rosa testified that she would not have directed Hosley to return the cart to the cart stall if it had any issues. (Docket No. 30-3 at 6–7).

Although an estimated 3,400 customers visit the Store each week and the Store had only about thirteen shopping carts at the time (Docket Nos. 30-4 at 5, 31-1 at 10), no one else—customer or employee[4]—reported an issue with the cart that day or any day thereafter (Docket No. 30-3 at 7). Defendant's 30(b)(6) witness, Bridgette Murphy ("Murphy"), also testified that she was not aware of any one having reported a cart tipping over prior to the incident with Plaintiff. (Docket Nos. 30-3 at 7, 30-4 at 6).

---

[2] These items included a couple two-liter bottles of soda, a gallon of water, some ceramic coffee mugs, and a greeting card. (Docket No. 30-1 at 3–4).

[3] To the extent Da Rosa may have relied on any statement Hosley made about the functionality of the cart while returning it to the cart stall, the statement would fall within the present sense impression exception to the hearsay rule.

[4] Employees regularly use shopping carts to stock merchandise throughout the day.

Plaintiff filed suit in state court, alleging that Defendant was negligent in providing a defective shopping cart. Defendant removed the case to this Court and, following the completion of discovery, moved for summary judgment. (Docket No. 28).

### Legal Standard

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit. *Id*.

"Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact." *Roderick v. Brandy Hill Co.*, 36 Mass. App. Ct. 948, 949 (1994). "However, a judge may decide the issue as matter of law when no rational view of the evidence permits a finding of negligence." *Id.*; *see also Luz v. Stop & Shop, Inc. of Peabody*, 348 Mass. 198, 203–04 (1964) ("Only where no view of the evidence could warrant a jury in finding the defendant negligent can it be held as a matter of law that the plaintiffs cannot recover.").

### Discussion

Under Massachusetts law, a store owner has a duty "to maintain its property 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.'" *Sheehan v. Roche Bros. Supermarkets*, 448 Mass. 780, 783–84 (2007) (quoting *Mounsey v. Ellard*, 363 Mass. 693, 708 (1973)). As part of that duty, a store owner must guard against "foreseeable risks of harm, i.e., those risks that it knew or reasonably should have known about and against which it could have

3

employed reasonable preventive measures." *Dubuque v. Cumberland Farms, Inc.*, 93 Mass. App. Ct. 332, 347 (2018). "However, the law has afforded store owners a reasonable opportunity to discover and correct any hazards before liability attaches." *Sheehan*, 448 Mass. at 784; *see also Barry v. Beverly Enters.-Mass., Inc.*, 418 Mass. 590, 593 (1994) ("[A] defendant who did not have a reasonable opportunity to discover and remedy a hazardous condition—that is, a defendant who had no actual or constructive knowledge of the allegedly hazardous condition so that it could not reasonably remove, or warn the plaintiff of, the danger—cannot be found to have violated its duty of care."). A store owner is only liable for injuries caused by a dangerous condition in its store if it "(1) knew of, or, by exercise of reasonable care would have discovered, the dangerous condition; (2) the condition created an unreasonable risk of harm; (3) the store could not have expected the plaintiff to discover or protect herself against the potential harm; and (4) the store failed to exercise reasonable care to protect the plaintiff." *Bowers v. P. Wile's, Inc.*, 475 Mass. 34, 38 (2016).

Here, Plaintiff has not shown that Defendant had actual or constructive knowledge of the alleged defect in the shopping cart. She did not report any "wobbly" or "jittery" wheel to Defendant, and there is no evidence that anyone else reported it or that the condition was present for a sufficient length of time such that Defendant *should* have known of it.[5] Plaintiff asserts that summary judgment is nonetheless inappropriate because Defendant intentionally avoided knowledge of any defect by failing to exercise reasonable care with respect to its shopping carts. Nothing in the record, however, substantiates this allegation. Defendant relied on customers and employees to identify defects in shopping carts, and although Plaintiff challenges the adequacy of

---

[5] Plaintiff does not suggest that the Court should apply the mode of operation approach discussed in *Bowers* in this case.

this policy, she does not submit any evidence demonstrating that it was insufficient.[6] Absent such evidence, Plaintiff has not established any *genuine* dispute of material fact. *See Morris*, 27 F.3d at 748.

Even assuming Defendant had failed to exercise reasonable care in monitoring its shopping carts for defects, however, Plaintiff's claim would still fail because she has not established any genuine dispute of material fact as to causation. Plaintiff offers no testimony, expert or otherwise, that the "wobbly" or "jittery" wheel more likely than not caused her shopping cart to tip over. And the record is devoid of any evidence that would allow a juror to reasonably infer that the shopping cart tipped over due to a "wobbly" or "jittery" wheel rather than any other reason.[7] *See Richardson v. Foodmaster Supermarket, Inc*., No. 9447, 1998 WL 118080, at *2 (Dist. Ct. 1998) (reversing

---

[6] Plaintiff lists other measures Defendant could have taken, e.g., including a section on shopping carts in the formal training program for new employees or adding shopping cart inspections to the District Manager's quarterly operations inspections. But she does not provide any evidence that these measures were or should have been industry standard.

[7] Plaintiff alleges that "the record here makes expressly clear that Dollar Tree and its employees were aware that unbalanced, wobbly shopping cart wheel could cause the shopping cart to tip over." (Docket No. 31 at 10). But the deposition testimony that she cites in support would not allow a juror to reasonably infer that her shopping cart tipped over due to a "wobbly" or "jittery" wheel rather than any other reason. One of the employees testified that a "jittery" or "wobbly" cart could be unsafe for customers. (Docket No. 30-3 at 2). She subsequently clarified, however, that it would be unsafe because it might cause a customer to lose his balance. (Docket No. 30-3 at 2). She did not suggest that a "wobbly" or "jittery" wheel could cause the cart itself to tip over. The other employee testified that it was "possible" for a cart to tip over due to a defect. (Docket No. 30-4 at 6). But she did not suggest a cart was *likely* to tip over due to a "wobbly" or "jittery" wheel, and to defeat summary judgment, Plaintiff must offer some evidence that the alleged defect was the probable cause of her injury, not merely a *possible* cause. *See Gomez v. Stop & Shop Supermarket Co*., 670 F.3d 395, 398 (1st Cir. 2012) (affirming summary judgment where the plaintiff relied on speculation and inference "without any competent evidence" to establish causation because "a possible explanation is not a probable one"); *see also Richardson*, 1998 WL 118080, at *2 ("While the plaintiff was not obligated to exclude all other possible causes of her injury, she was 'required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant [was] responsible than from a cause for which the defendant [was] not liable.'" (quoting *Bigwood v. Bos. & No. St. Rwy*., 209 Mass. 345, 348, 95 N.E. 751 (1911))).

judgment for the plaintiff where, *inter alia*, "the record is devoid of any evidence that [a tendency to veer to one side or a 'wobbly' wheel] would make the carriage more likely to tip over under any set of circumstances"). An estimated 3,400 customers shop in the Store on a weekly basis, and the Store had only about thirteen shopping carts at the time. Yet, in the years before Plaintiff's injury, no one had ever reported a shopping cart tipping over due to a "wobbly" or "jittery" wheel. Nor did anyone else experience a similar incident in the period following Plaintiff's injury, even though the shopping cart was not taken out of use. Defendant thus is entitled to summary judgment.

In sum, in the absence of any evidence suggesting (1) that Defendant knew or should have known of the alleged defect, or (2) that a "wobbly" or "jittery" wheel caused Plaintiff's cart to tip over,[8] no reasonable juror could find in Plaintiff's favor. The Court accordingly ***grants*** Defendant's motion for summary judgment.

## Conclusion

For the reasons stated above, Defendants' motion for summary judgment (Docket No. 28) is ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[8] And even if Plaintiff had offered evidence that a "jittery" or "wobbly" wheel could make the cart more likely to tip over, presumably the risk would be associated with use. Here, however, the cart was stationary at the time it fell on Plaintiff. "The fact in agreement, that the cart was stationary, indicates that the alleged defect, the jammed or wobbly wheel, could not have caused it to topple." *Butler v. Winn-Dixie La., Inc.*, 95-01201 (La. App. 3 Cir. 3/6/96), 670 So. 2d 800, 802–03 (granting summary judgment on a negligence claim where the shopping cart was stationery at the time of the accident and the plaintiff did not offer any evidence that a defect in the wheel could have caused it to tip over in that circumstance).